EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ MARÍA GATELL, acusado y apelante.

Núm. 10065.—*Sometido:* Julio 7, 1943. *Resuelto:* Julio 12, 1943.

*C. Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Contra el apelante José María Gatell se formularon ante la Corte Municipal de San Juan dos denuncias por alegadas infracciones de las secciones 84, 86 y 92 de la Ley de Rentas Internas, imputándosele en cada una de ellas que en 15 de julio de 1940 y en su establecimiento de garage en Calle Comercio número 13, en San Juan, el acusado tenía allí en su poder y a su disposición, para la venta al detall y al por mayor, piezas y partes de vehículos de motor, sin estar provisto de la correspondiente licencia de Rentas Internas para el trimestre de julio 1º a septiembre 30, 1940.

Vistas ambas denuncias conjuntamente ante la Corte de Distrito de San Juan, dictó ésta sentencia en cada uno de dichos casos condenando al acusado al pago de una multa de cien dólares o a la prisión subsidiaria. No conforme el apelante con dichas sentencias, interpuso contra ellas el presente recurso de apelación.

El apelante señala como único error de la corte sentenciadora el haber dictado dos sentencias que, a su juicio, son contrarias a e inconsistentes con la evidencia practicada, alegando que la evidencia demuestra fuera de toda duda que el acusado no tenía negocio o establecimiento alguno, sujeto a licencia, durante el trimestre de julio a septiembre de 1940.

A nuestro juicio, tiene razón el apelante. La única prueba presentada en su contra fué la declaración de Alberto Muñoz, Agente de Rentas Internas, quien en síntesis declaró como sigue: que en 15 de julio de 1940 visitó el establecimiento comercial de Gatell en la calle Comercio número 13, en San Juan, con el propósito de liquidar ciertos arbitrios

sobre piezas de automóviles que Gatell había importado; que en el curso de esa investigación se enteró de que Gatell no tenía la correspondiente licencia de Rentas Internas para la venta de piezas de automóviles; que vió que allí se vendía gasolina, aceite, parches de fuego, etc. Después de haber declarado en la forma antes expresada, el testigo presentó una factura de Rentas Internas, demostrativa de que Gatell había importado en julio 9, 1940 ciertas piezas y partes de automóviles.

De la declaración del testigo Muñoz no se desprende que el acusado Sr. Gatell estuviese presente en el establecimiento en la calle Comercio número 13 en el momento en que el mismo fué visitado por el Agente de Rentas Internas. Tampoco aparece evidencia alguna en el récord demostrativa de que aquel establecimiento fuese propiedad del acusado Gatell o que éste tuviera en alguna forma el control o administración del mismo. Tampoco se deduce de la prueba que las ventas que dice el Agente Muñoz se hicieron en su presencia fueran hechas a nombre o con la autorización o por cuenta del acusado Gatell. La factura de Rentas Internas admitida en evidencia demuestra solamente que Gatell importó ciertas piezas para automóviles, pero no puede ser en manera alguna considerada como evidencia de que Gatell tuviera esas mismas piezas en un establecimiento de su propiedad para ofrecerlas en venta, sin tener licencia para ello.

La insuficiencia de la prueba es tan evidente que, a nuestro juicio, *debemos revocar la sentencia recurrida y absolver libremente al acusado.*

El Juez Presidente Sr. Del Toro no intervino.